# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

    Plaintiff,

vs.                        Case No. 4:17cv111-WS/CAS

**ZACHARY TAYLOR DANIEL,**
**RAYMOND DANIEL,**
**and PAMILA DANIEL,**

    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's financial affidavit demonstrates good cause, ECF No. 2, and the motion is granted.

Plaintiff's complaint has been reviewed to determine whether it states a plausible claim such that service should be directed. Plaintiff's complaint is brought against Zachary Daniel, her estranged husband, and his parents, Raymond and Pamila Daniel. ECF No. 1. Plaintiff asserts that this Court has jurisdiction over the matters raised because there is diversity

of citizenship and because there is a federal question raised. ECF No. 1 at 4. The relevant statutes provided as a basis for federal question jurisdiction are 18 U.S.C. § 2262, 18 U.S.C. § 2261A, 18 U.S.C. § 2265, and 18 U.S.C. § 922. *Id.* at 4. Plaintiff alleges her residency is in Florida and the residency of the Defendants is in Tennessee. *Id.* at 4-5. She seeks over $75,000.00 in damages. *Id.* at 10.

Although Plaintiff's statement of facts is not presented in short, numbered paragraphs as required by Federal Rule of Civil Procedure 10(b), the allegations are that Zachary Daniel "gave up his parental rights" in August 2013 and "stated his family and himself would not have visitation with the minor child." ECF No. 1 at 7. In November 2014, Zachary Daniel "had a weekend visitation with the minor child." An investigation began and, according to Plaintiff, officials at a local hospital and a "state trooper stated it was child abuse." *Id.* In November 2015, Plaintiff alleges that Zachary Daniel held herself, her mother, and the "minor child hostage in their home for approximately ten hours while keeping the minor child at knife point." *Id.* During that incident, Zachary Daniel "destroyed property," "assaulted" Plaintiff, and threatened to "burn the house down with everyone in it." *Id.* Law enforcement was summoned by a neighbor and Plaintiff

applied for a "Violence Protection Order" against Zachary Daniel. *Id.* Plaintiff alleges that Zachary Daniel was served a summons, but failed to appear at court. She states that she obtained a "three year Violence Protection Order" against Zachary Daniel. *Id.* at 7. The Order protects Plaintiff, the minor child, and Plaintiff's family. Zachary Daniel could not be located and Plaintiff alleges that she was "not able to press charges as no one knew his whereabouts." *Id.*

In February of 2016, Plaintiff alleges the home in Murray, Kentucky "burned to the ground." ECF No. 1 at 7. It appears the home was "empty" at the time and occurred after Plaintiff and her family had moved. *Id.*

Plaintiff further alleges that Zachary Daniel hired a private detective to "stalk" her and her family. *Id.* Having located her, Zachary Daniel served her with a petition for dissolution of marriage. *Id.* Most recently, on January 3, 2017, Plaintiff alleges that Zachary Daniel demanded visitation with the minor child, despite the protection order and having given up his parental rights. *Id.* Plaintiff complains of an incident in a courthouse lobby[1] in which the minor child ran "upstairs alone" and Plaintiff "had to get the

---

[1] These allegations relate to claims raised in a separate case filed by Plaintiff simultaneously with this case. *See* 4:17cv110-MW/CAS.

Case No. 4:17cv111-WS/CAS

minor off of the stairs before he could get hurt, while" Zachary Daniel (and presumably his parents) "did nothing." *Id.* at 7.

Plaintiff alleges that Zachary Daniel's parents "had hidden Zachary" after he "bolted from law enforcement's car." *Id.* at 8. Plaintiff further alleges that Zachary Daniel was living with his parents in a home with guns until ATF removed the guns on January 20, 2017. *Id.* Plaintiff alleges that Zachary Daniel "still has someone who parks and sits and watches" her home. *Id.* She complains that she has not been provided the name of the private detective hired by Zachary Daniel to locate her, and asserts that "the police in Columbia Tennessee want to press charges for this violation, but require the name of the private detective." *Id.* Plaintiff alleges that she and her family "live in a constant state of fear because of Zachary and his family." *Id.*

As relief, Plaintiff seeks monetary damages and injunctive relief. ECF No. 1 at 10. In particular, Plaintiff seeks an order requiring "the surveillance of [Plaintiff] and her family to stop." *Id.* She wants a court order to enforce the Violence Protection Order and halt violations. *Id.*

The asserted basis for federal question jurisdiction are statutes under Title 18. Those statutes govern criminal offenses for "interstate violation of

protection order," 18 U.S.C. § 2262; "stalking," 18 U.S.C. § 2261A; "full faith and credit given to protection orders," 18 U.S.C. § 2265, and "unlawful acts" concerning firearms, 18 U.S.C. § 922.  Plaintiff, however, is private citizen.  It is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted).  Private citizens do not have "the right to compel a State to enforce its laws" or prosecute crimes.  Diamond, 476 U.S. at 65, 106 S. Ct. at 1705; *see also* Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another) (cited in Riga v. Benezette, No. 612CV414ORL19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012)).  Accordingly, Plaintiff lacks standing to bring these claims.

 Plaintiff does, however, assert that this Court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a).  Although Plaintiff and Defendants are citizens of different states and she seeks monetary damages greater than $75,000.00, Plaintiff has not alleged a claim. Plaintiff has not alleged a cause of action against the Defendants other

Case No. 4:17cv111-WS/CAS

than violations of criminal law and, as explained above, those allegations are insufficient.

The Court is not insensitive to issues surrounding domestic violence and allegations of stalking. The "wounds from domestic violence extend[ ] far deeper than the woman's body - - it pierce[s] her mind and soul as well." Prentice L. White, Stopping the Chronic Batterer Through Legislation: Will It Work This Time?, 31 Pepp. L. Rev. 709, 712 (2004). The law offers protection for victims of domestic violence. See Zapiola v. Kordecki, No. 2D16-820, 2017 WL 535398, at *1 (Fla. 2d DCA, Feb. 10, 2017) (quoting FLA. STAT. § 741.30(6)(a) (2015) in advising that a domestic violence injunction may be issued when there is "reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence."). In this case, Plaintiff has avenues in which to seek relief, but the complaint does not provide a basis for relief in this Court. Plaintiff's complaint, ECF No. 1, should be dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, should be **GRANTED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** for all the reasons explained above that Plaintiff's complaint, ECF No. 1, be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv111-WS/CAS